UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RANDY RANSOM, *et al.*, <br><br>          Plaintiffs, <br><br>     v. <br><br> CITY OF HENDERSON, a political subdivision of the STATE OF NEVADA, *et al.*, <br><br>          Defendants. | Case No. 2:13-cv-01588-RFB-GWF <br><br> **ORDER** <br><br> Defendants' Motion to Dismiss (ECF No. 24) |

This case is before the Court on a Motion to Dismiss filed by Defendants the City of Henderson, the City of Henderson Police Department ("HPD"), the City of Henderson Alternative Sentencing Division ("HASD"), Henderson Police Detectives W. Hart and B. Harper, Probation Officers I. Massy and M. Jacobs, and numerous Doe defendants. ECF No. 24. In their First Amended Complaint, brought pursuant to 42 U.S.C. § 1983, Plaintiffs Randy Ransom, Garrett Ransom, and Shannon Ransom—through her guardian *ad litem*, Diana Ransom—alleged that on August 30, 2011, Defendants unlawfully searched Randy, destroyed his property, and unlawfully seized all three Plaintiffs. ECF No. 13. Plaintiffs alleged fifteen claims for relief, alleging violations of their Fourth, Sixth, and Fourteenth Amendment rights as well as various state law claims. Id. at 9-31. Defendants moved to dismiss on various grounds. ECF No. 24. On February 19, 2015, this Court held a hearing and oral argument on the Motion to Dismiss.

For the reasons stated on the record at the hearing held on February 19, 2015,

**IT IS ORDERED** that Defendants' Motion to Dismiss (ECF No. 24) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that Defendant Henderson Police Department and Defendant Henderson Alternative Sentencing Division are **DISMISSED** from this case. Should Plaintiffs uncover evidence at a future point in this action that either or both of these Defendants have the capacity to be sued, Plaintiffs may seek leave of the Court to amend their complaint to add HPD and HASD as parties.

**IT IS FURTHER ORDERED** that Plaintiffs' state law claims set forth in the Sixth through Fifteenth Claims for Relief, except for the Eleventh Claim for Relief (Conversion) and the Fifteenth Claim for Relief (Negligence Per Se), are **DISMISSED WITHOUT PREJUDICE** to the extent they are asserted against the City of Henderson and against Defendants Hart, Harper, Massy, and Jacobs in their official capacities. These state law claims may proceed to the extent they are alleged against Defendants Hart, Harper, Massy, and Jacobs in their individual capacities.

**IT IS FURTHER ORDERED** that Plaintiffs' Tenth Claim for Relief (Concert of Action) is **DISMISSED WITH PREJUDICE**, except as it relates to the conduct alleged in the Third, Fourth, Seventh, and Eighth Claims for Relief, which deal with the manner in which Defendants allegedly entered the Trueno Residence.

**IT IS FURTHER ORDERED** that Plaintiffs' Third Claim for Relief (Illegal Seizure of Shannon and Sixth Amendment Violations) is **DISMISSED WITH PREJUDICE** to the extent that it asserts claims for violation of the right to counsel under the Sixth and Fourteenth Amendments. The Third Claim for Relief may proceed to the extent that it asserts claims for illegal seizure under the Fourth and Fourteenth Amendments.

**IT IS FURTHER ORDERED** that the Doe Defendants are **DISMISSED** from this case. Should Plaintiffs desire to add additional defendants in this action, they must seek leave of the Court to do so.

**IT IS FURTHER ORDERED** that Plaintiffs may not recover punitive damages against the City of Henderson or against Defendants Hart, Harper, Massy, and Jacobs in their official capacities. Punitive damages remain available at this time for Plaintiffs' claims as asserted against Defendants Hart, Harper, Massy, and Jacobs in their individual capacities.

1      **IT IS FURTHER ORDERED** that Plaintiffs' remaining claims may proceed.

2      **IT IS FURTHER ORDERED** that Plaintiffs shall have until **March 23, 2015** to amend their Complaint to cure the deficiencies in their state law claims as set forth above and, if they so choose, to add the municipal liability claim discussed at the hearing on February 19, 2015.

DATED this 20th day of February, 2015.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**