**JOSH M. REID**
City Attorney
Nevada Bar No. 7497
**NANCY D. SAVAGE**
Assistant City Attorney
Nevada Bar No. 392
**BRANDON P. KEMBLE**
Assistant City Attorney
Nevada Bar No. 11175
240 Water Street, MSC 144
Henderson, NV 89015
(702) 267-1200 Telephone
(702) 267-1201 Facsimile
nancy.savage@cityofhenderson.com
brandon.kemble@cityofhenderson.com

**DENNIS L. KENNEDY, ESQ.**
Nevada Bar No. 1462
**JOSEPH A. LIEBMAN, ESQ.**
Nevada Bar No. 10125
BAILEY KENNEDY
8984 Spanish Ridge Avenue
Las Vegas, Nevada 89148-1302
dkennedy@baileykennedy.com
jliebman@baileykennedy.com

Attorneys for Defendants
CITY OF HENDERSON, WILLIAM HART,
BENSON HARPER, IAN MASSY, MARK JACOBS

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RANDY RANSOM, GARRETT RANSOM and SHANNON RANSOM, a Minor, by and through her Guardian ad Litem, DIANA RANSOM,<br><br>     Plaintiffs,<br><br> v.<br><br>CITY OF HENDERSON, a political subdivision of the STATE OF NEVADA; CITY OF HENDERSON POLICE DEPARTMENT, a department of the CITY OF HENDERSON; CITY OF HENDERSON ALTERNATIVE | CASE NO.: 2:13-cv-01588-RFB-GWF<br><br><br><br><br><br><br><br>**STIPULATION FOR TEMPORARY CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

1

| | |
|---|---|
| 1 | SENTENCING DIVISION, a department of the CITY OF HENDERSON; Henderson Police Detective W. HART #984, individually and in their official capacity as a Police Officer employed by the CITY OF HENDERSON; Henderson Police Detective B. HARPER #1085, individually and in his official capacity as a Police Officer employed by the CITY OF HENDERSON; Probation Officer I. MASSY #1862, individually and in his official capacity as a Police Officer employed by the CITY OF HENDERSON; Probation Officer M. JACOBS #1681, individually and in his official capacity as a Police Officer employed by the CITY OF HENDERSON; POLICE OFFICER JOHN DOES I-XX, individually and in their official capacity as a Police Officer employed by the CITY OF HENDERSON; ALTERNATIVE SENTENCING PROBATION OFFICERS JOHN DOES I-XX; and JOHN DOES I-XX, individually and in their official capacity as a Police Officer employed by the CITY OF HENDERSON, inclusive, |
| | Defendants. |

Pursuant to this Court's instruction during the hearing held on November 3, 2015, Plaintiffs, RANDY RANSOM, GARRETT RANSOM and SHANNON RANSOM, a Minor, by and through her Guardian ad Litem DIANA RANSOM (collectively the "PLAINTIFFS"), by and through their attorneys Paola M. Armeni, Esq. and Colleen E. McCarty, Esq., of the law firm Gentile Cristalli Miller Armeni Savarese; and Defendants, CITY OF HENDERSON, WILLIAM HART, BENSON HARPER, IAN MASSY and MARK JACOBS (collectively "CITY Defendants"), by and through their attorneys Josh M. Reid, Henderson City Attorney, Nancy D. Savage, Assistant City Attorney, and Brandon P. Kemble, Assistant City Attorney; and Dennis L. Kennedy, Esq. and Joseph A. Liebman, Esq. of Bailey Kennedy, for the CITY OF HENDERSON  (PLAINTIFFS and the CITY Defendants may individually be referred to herein as a PARTY and may be collectively referred to herein as the "PARTIES.") HEREBY STIPULATE AND AGREE that a Temporary Confidentiality

Agreement and Protective Order is hereby entered by and between the parties concerning the use and distribution of confidential information as described below;

IT IS FURTHER STIPULATED AND AGREED that said Temporary Confidentiality Agreement and Protective Order shall be fully binding upon the parties, and shall be effective upon the date that this Stipulation for Temporary Confidentiality Agreement and Protective Order ("Stipulation") is executed by the PARTIES.

IT IS FURTHER STIPULATED AND AGREED that a temporary protective order, pursuant to Fed. R. Civ. Pro. 26 and Fed. R. Civ. Pro. 29, governing the use, distribution and handling of "confidential information" produced, derived or disclosed in connection with the above-captioned case shall be entered upon the following terms and conditions:

1. **Confidential Information.** "Confidential Information," for purposes of this Stipulation, is any and all information, documents and materials, produced and bearing a designation of "Confidential Information" or otherwise designated in writing as Confidential Information.

All notes, memoranda, reports, or other written communications created or generated by counsel for the parties in this case, or by any experts or witnesses in this case that reveal or discuss Confidential Information shall be given the same protections under this Stipulation as the original Confidential Information itself. The inclusion of documents or materials within the description of "Confidential Information" is not and should not be construed as a promise or agreement that any specific documents or materials exist, are discoverable or will be produced in the instant action. The parties do not waive any objections that they may have to discovery of any materials, documents or information in this case by entering into this Stipulation.

2. **Distribution of Confidential Information.** Confidential Information shall be produced only to the counsel of record for the named parties who have entered this Stipulation.

3

Neither the Confidential Information nor its contents shall be disclosed to any other person without the agreement of counsel for the PARTIES, except that the counsel for the named parties may, without further agreement, disclose the Confidential Information to the following persons, for use solely in connection with this action, under the following conditions:

(a) attorneys and legal assistants, whether employees or independent contractors, of counsel's firm and to any other employee of counsel's firms who shall handle the Confidential Information under normal office procedures:

(b) experts or consultants retained by a party with respect to this action (upon execution of the Endorsement of this Stipulation for Temporary Confidentiality Agreement and Protective Order, attached hereto as Exhibit A);

(c) individually named parties to this litigation, who may be shown documents or materials containing Confidential Information (upon execution of the Endorsement of this Stipulation for Temporary Confidentiality Agreement and Protective Order, attached hereto as Exhibit A);

(d) any person who has testified in or conducted a criminal or internal affairs investigation covered by this Stipulation, who appears as a witness in a deposition or court proceeding in this action;

(e) the Court before which this action is pending; and

(f) any court reporters present in their official capacity in any hearing, deposition or other proceeding in this action.

The PARTIES may request that the Court approve showing Confidential Information to individuals other than those identified above.

3. **Use of Confidential Information.** Confidential information shall be used solely for the purpose of prosecution or defense of this action. The use of Confidential Information at trial or

4

during discovery shall not be deemed a waiver of this Stipulation. Subject to the exceptions set forth below, any party wishing to use any Confidential Information in any brief, memorandum, affidavit or other paper filed with the Court, at trial and in dispositive motions, shall do so pursuant to and governed by the requirements set forth in *Kamakana v. City of Honolulu*, 447 F. 3d 1172 (9th Cir. 2006).

4.  **Duration of This Stipulation.**  This Stipulation shall remain in effect and survive any settlement, judgment, other disposition or conclusion of this action, and any appeals therefrom. This Court shall retain continuing jurisdiction of the above-referenced action for purposes of enforcing the terms of this Stipulation. Within 60 days following the final resolution of this action, all materials designated as confidential and/or containing Confidential Information produced by the PARTIES, or any of them, and all reproductions or copies thereof, shall be returned to counsel for the PARTIES.

5.  **Application of the Stipulation.**  Production or disclosure of Confidential Information pursuant to this Stipulation does not waive any party's right to object to the admissibility of such material or information on grounds other than confidentiality. The production or disclosure of materials or information pursuant to this Stipulation shall not be deemed to be a waiver of objections for relevance or objections that it is otherwise inadmissible in any judicial proceeding or filing that may occur in this litigation.

6.  **Compliance with this Stipulation.**  All counsel in this case shall make a diligent and good faith effort to comply with this Stipulation and ensure that their clients, and the persons receiving or given access to the Confidential Information, similarly comply. In the event of a change in counsel, new counsel shall execute a copy of the Endorsement of Stipulation for Temporary Confidentiality Agreement and Protective Order, attached hereto as Exhibit A.

///

7. **Challenges to Confidential Information.**

A PARTY may challenge any other PARTY's designation of information as "Confidential Information." Challenges must be in writing and made within thirty (30) days of receipt of information that has been designated "Confidential Information." Within seven (7) days of receipt of a written challenge, the PARTIES must telephonically confer regarding the basis for the confidentiality designation. If the PARTIES are unable to resolve their dispute without Court intervention, the PARTY that has made the "Confidential Information" designation may move the Court for protective order. If the designating party does not move the Court for a protective order within ten (10) days of the telephonic meet and confer, the confidentiality designation is no longer valid. This Stipulation and any confidentiality designation thereto shall remain in effect pending the resolution of any timely motion for a protective order.

**[CONTINUED ON NEXT PAGE]**

8. **Modification of Stipulation.** This Stipulation shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter.

Dated this 23rd day of November, 2015.                    Dated this 23rd day of November, 2015.

GENTILE CRISTALLI MILLER                                          CITY OF HENDERSON
ARMENI SAVARESE


/s/ Paola M. Armeni                                                        /s/ Brandon P. Kemble
PAOLA M. ARMENI, ESQ.                                            JOSH M. REID
Nevada Bar No. 8357                                                     City Attorney
COLLEEN E. MCCARTY, ESQ.                                    Nevada Bar No. 7497
Nevada Bar No. 13186                                                  NANCY D. SAVAGE
410 South Rampart Blvd., Suite 420                           Assistant City Attorney
Las Vegas, Nevada 89145                                             Nevada Bar No. 392
                                                                                        BRANDON P. KEMBLE
Attorneys for Plaintiffs                                                    Nevada Bar No. 11175
RANDY RANSOM, GARRETT RANSOM,                   240 Water Street, MSC 144
and DIANA RANSOM                                                     Henderson, Nevada 89009

                                                                                        DENNIS L. KENNEDY, ESQ.
                                                                                        Nevada Bar No. 1462
                                                                                        JOSEPH A. LIEBMAN, ESQ.
                                                                                        Nevada Bar No. 10125
                                                                                        BAILEY KENNEDY
                                                                                        8984 Spanish Ridge Avenue
                                                                                        Las Vegas, Nevada 89148-1302

                                                                                        Attorneys for Defendants
                                                                                        CITY OF HENDERSON, WILLIAM
                                                                                        HART, BENSON HARPER, IAN MASSY,
                                                                                        MARK JACOBS


**ORDER**

IT IS SO ORDERED this  25th  day of  November , 2015.


_____
GEORGE FOLEY, JR.
United States Magistrate Judge

7

EXHIBIT A

**ENDORSEMENT OF STIPULATION FOR TEMPORARY CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

I, the undersigned, _____, hereby acknowledge and certify that I have received and read in its entirety a copy of the Stipulation for Temporary Confidentiality Agreement and Protective Order ("Stipulation") entered on the _____ day of _____ 201__, in the matter entitled Randy Ransom *et al* vs. City of Henderson *et al,* CASE NO. 2:13-cv-01588-RFB-GWF.  I understand the terms and conditions of the Stipulation, and agree to comply with and be bound by all of its provisions, and consent to the continuing jurisdiction of the Court with respect to enforcement of the Stipulation, even if such enforcement proceeding(s) occur after termination of the action. I acknowledge that failure to comply with the terms and conditions of the Stipulation could expose me to sanctions and punishment in the nature of contempt.  I agree that any document(s) or information which I have received which are subject to the Stipulation shall not be used by me for any purpose other than as provided in the Stipulation and shall not be revealed by me to any person or entity except in strict compliance with the provisions of the Stipulation.  I will hold in confidence and not produce, disclose or reveal to anyone not qualified under the Stipulation any document(s) or information which I have received which are subject to the Stipulation and I will maintain any such document(s) or information in a safe and secure place.

DATED this _____ day of _____, 201__.

_____
Signature

_____
Printed Name

8